## FIRST NATL BANK v HERMAN

Ohio Appeals, 9th Dist, Summit Co

No 1839.  Decided Jan. 20, 1931

Loomis & Caris, Ravenna, and Doolittle, Foust & Holden, Akron, for Bank.

Herberich, Weick & Powers, Akron, for Herman.

PER CURIAM:

We have carefully real all of the evidence submitted to us and have given consideration to the questions presented, and we find the facts to be substantially as follows:

On Sept. 28, 1920, the defendants executed and delivered to one Herbert J. Etling a series of promissory notes, aggregating $6,000, and to secure the payment of the same executed and delivered to said Etling their mortgage upon certain real estate.

On the 8th day of December, 1923, after defendants had paid to said Etling all but $3,500 of said notes, and before the notes for $2,500 of said $3,500 were due, said Herbert J. Etling borrowed $1,300 from the plaintiff, and as security therefor endorsed in blank and delivered. to plaintiff said notes for $3,500 and the mortgage given to secure the same.

The plaintiff did not notify the defendants that said notes and mortgage had been so pledged, and the defendants did not know that said pledge had been made.

The defendants paid to said Etling the interest due upon said notes for $3,500, and the plaintiff, knowing that Etling was collecting said interest, not as its agent but as the apparent owner of said notes, permitted Etling to collect and retain said interest so long as he paid the interest due upon his note to plaintiff, and in January, 1926, the plaintiff also delivered to said Etling one of said notes for $1,000, which was past due when pledged, with the knowledge that Etling was to collect the same, not as its agent but as the owner thereof, and retain for his own use the principal thus paid.

The defendants not only paid said $1,000 note and the interest on all of said notes, but also from time to time, in good faith, made payments upon said notes to Etling,

on the assumption and belief that he was still the owner of said notes and mortgage; and by Sept. 28, 1928, they had paid to said Etling all that was due upon said notes except $600 of principal.

During all of this time the plaintiff knew that said Etling was, as the apparent owner, collecting from the defendants said interest and retaining as his own the amount thereof in excess of the interest on his loan with the plaintiff, and the plaintiff was charged with knowledge that said Etling held himself out to the defendants as the owner of said notes and that in the usual course of business said defendants were paying or were likely to pay the principal of said notes to said Etling as the owner thereof.

We make no attempt to detail the evidence which leads us to the unanimous conclusion of fact just stated, which we find to be established by clear and convincing evidence.

If the plaintiff desired a change in the methods which had theretofore been pursued and were likely thereafter to be pursued, it was its duty to notify the defendants that it held said notes as pledgee and that the payment of interest and principal thereof should be made to it.

Ordinarily, the pledgee of an obligation which is negotiable is not required to notify the maker that the same is pledged; but where the pledgee has actual knowledge, or the circumstances are such as to charge him with knowledge that the person to whom such obligation was given is holding himself out to the maker of the obligation as still being the real owner of the obligation and is deceiving the maker into dealing with him and paying to him interest and principal as such owner, then there is a duty upon the pledgee to notify the maker of such pledge that the obligation has ben pledged; and if he fails to do so, the pledgee is estopped from claiming that the payments so made by the maker in good faith and without knowledge of the pledge, should not be credited upon said obligation.

This case differs from the case of **Hoffmaster v Black, 78 Oh St 1**, in that it presents no question of agency. Plaintiff did not authorize or permit Etling to collect either interest or principal as its agent; on the contrary, it knew that Etling was dealing with defendants as the owner of said notes, and delivered to him one of the notes for the very purpose of permitting him to do so. Its conduct constituted a fraud upon the defendants, and it should not be permitted to profit thereby at the expense of the defendants, who were innocent parties in the transaction.

We further find that the defendants of-

fered to pay into court said $600 and interest, together with the costs of the action up to the time said offer was made, and that said offer was rejected by the plaintiff.

An order may be entered that, upon the payment into court, within ten days, of the amount of said offer, with interest to date of payment, the plaintiff be ordered to cancel its mortgage and surrender the notes secured thereby, or in lieu thereof, the decree to operate as such cancellation and surrender; and that, if the defendants fail to make such payment, the decree to operate as a finding that there is due upon said notes the sum of $600, together with interest from Sept. 28, 1928, and order a foreclosure of the mortgage to collect the same.

FUNK, PJ, PARDEE, J, and WASHBURN, J, concur.